<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| PHILIP MARTIN BELTON, JR., | : |
| Plaintiff, | : Civ. No. 04-5105 (GEB) |
| v. | : **OPINION** |
| MELVIN ROBINSON and NEW JERSEY DEPARTMENT OF CORRECTIONS, | : |
| Defendants. | : |

**<u>BROWN, District Judge</u>**

This matter comes before the Court upon defendants Melvin Robinson and New Jersey Department of Corrections' (collectively "Defendants") motion seeking: (1) to dismiss plaintiff Philip Martin Belton, Jr.'s ("Plaintiff") complaint pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) for failure to state a claim upon which relief can be granted; and (2) summary judgment pursuant to Federal Rules of Civil Procedure Rule 56. The Court, having considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rules of Civil Procedure Rule 78, and for the reasons set forth below, will: (1) grant Defendants' motion to dismiss Plaintiff's claim against Defendant New Jersey Department of Corrections; and (2) grant Defendants' motion for summary judgment of Plaintiff's claim against Defendant Robinson.

**I.   BACKGROUND**

Plaintiff is an inmate currently confined at the Garden State Youth Correctional Facility in Yardville, New Jersey ("GSY Facility"). (Compl. at 4.) On or about August 7, 2004, Plaintiff was housed at the Albert C. Wagner Youth Correctional Facility in Bordentown, New Jersey

1

("Wagner Facility"). (*See* Ruggiero Aff. Ex. A at 6-7.) Plaintiff alleges that on that date, during his confinement at the Wagner Facility, "[Defendant SCO Melvin] Robinson punched [Plaintiff] in the face twice, and twisted [his] nose." (Compl. at 4.) Plaintiff also seeks recovery from the New Jersey Department of Corrections ("NJDOC") for Defendant Robinson's alleged actions. (*Id.* at 5.)

On October 19, 2004, Plaintiff filed the complaint in this action claiming that Defendants deprived him of his rights in violation of 42 U.S.C. § 1983. On June 30, 2005, Defendants filed the instant motion seeking dismissal of Plaintiff's claim against Defendant NJDOC, as well as summary judgment of Plaintiff's claim against Defendant Robinson.

## II.     DISCUSSION

### A.     Standard of Review for Motions to Dismiss

In considering a Rule 12(b)(6) motion to dismiss, the Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a plaintiff's "bald assertions" or "legal conclusions." *Id.* In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). A court may dismiss a *pro se* complaint for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Haines*, 404 U.S. at 520-21 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). *See also Milhouse v. Carlson*, 652 F.2d 371, 373 (3d Cir. 1981).

### B.     Defendants' Motion to Dismiss Plaintiff's Claim Against Defendant New Jersey Department of Corrections

Plaintiff claims that Defendants deprived him of his rights in violation of 42 U.S.C. §

1983. Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). *See also Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Plaintiff's claim against Defendant NJDOC should be dismissed because the State is not a "person" who may be sued pursuant to 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 68-70 (1989) (holding that governmental entities considered "arms of the State" for Eleventh Amendment purposes are not "persons" within the meaning of § 1983). Indeed, this Court has dismissed § 1983 claims brought against the NJDOC in similar cases. *See, e.g., Winn v. New Jersey Dep't of Corrections*, 2005 WL 2237714, at *2 (D.N.J. Sept. 12, 2005) (stating that the NJDOC is not a "person" under § 1983); *Grabow v. S. State Correctional Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (same). Therefore, dismissal of Plaintiff's claim against Defendant NJDOC is appropriate in this case.

Defendants have not argued that Plaintiff's claim against Defendant Robinson should be dismissed pursuant to Rule 12(b)(6). (Br. at 10-14.) Instead, Defendants argue that summary judgment should be granted with respect to that claim. The Court will therefore consider Defendants' motion for summary judgment of Plaintiff's claim against Defendant Robinson pursuant to Rule 56.

    **C.    Standard of Review for Motions for Summary Judgment**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). In deciding whether triable issues of fact exist, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pennsylvania Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995); *Hancock Indus. v. Schaeffer*, 811 F.2d 225, 231 (3d Cir. 1987). In arguing against a motion for summary judgment, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

Where a defendant seeks to rely on an affirmative defense as a basis for summary judgment, "[the] defendant must establish the absence of a genuine issue of material fact as to each element of the defense." *Harvey v. City of Philadelphia*, 253 F. Supp. 2d 827, 829 (E.D. Pa. 2003). "Once the defendant meets this threshold, the burden shifts to the plaintiff to set forth a genuine dispute of material fact as to any element essential to the affirmative defense." *Id.* "If the plaintiff does so, summary judgment must be denied." *Id.*

    **D.    Defendants' Motion for Summary Judgment of Plaintiff's Claim Against Defendant Robinson**

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general

circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "[F]ailure to exhaust is an affirmative defense to be pleaded by the defendant." *Ray v. Kertes*, 285 F.3d 287, 295 (3d Cir. 2002).

Defendants filed the instant motion on June 30, 2005. To date, Plaintiff has not filed an opposition brief. The Court must therefore accept the facts described in Defendants' affidavits as true.

Defendants argue that summary judgment is appropriate because Plaintiff failed to exhaust the administrative remedies available to him before bringing the instant action. At the time Plaintiff filed his complaint, he was incarcerated at the GSY Facility. The GSY Facility makes available to its inmates handbooks that describe the inmate grievance procedures ("Handbook"). (*See* Hall Aff. ¶3, Ex. B.) The Handbook states that "[t]here are several ways in which [an inmate] may request assistance with a problem or question . . . ." (Hall Aff. Ex. B.) These methods "include speaking with the assigned social worker or officer on the housing unit, utilizing the Inmate Request Tracking System, submitting an Inmate Tracking Request Form to speak to the staff and custody of the S.E.T. Team or . . . submitting a written request or calling the Office of the Ombudsman." (*Id.*) According to the files maintained at the GSY Facility, Plaintiff did not submit a number of forms that were available to him, including an Inmate Request Tracking Form, an Inmate Interview Request Form and an Administrative Request Form, to complain of the alleged conduct by Defendant Robinson. (Hall Aff. ¶¶3-5.)

Plaintiff appears to have taken a number of actions in response to the alleged incident. On or about August 8, 2004, a hearing was held concerning the altercation between Plaintiff and Defendant Robinson, which hearing resulted in various sanctions against Plaintiff for his conduct. (Ruggiero Aff. Ex. A at 3-4.) On or about August 11, 2004, Plaintiff appealed the disciplinary decision against him. (*Id.* at 20-23.) On August 13, 2004, an appeals decision was issued modifying the original sanctions. (*Id.* at 24.) These actions by Plaintiff, however, do not constitute exhaustion of the available administrative remedies, for two reasons.

First, Plaintiff's claim is based on allegations that Defendant Robinson injured Plaintiff in violation of his rights. (Compl. at 4.) The administrative steps that Plaintiff took after the incident concerned the disciplinary punishment that he received for his own conduct. They did not concern the injuries that he allegedly sustained as a result of Defendant Robinson's actions.

Second, according to the Handbook provided to inmates at the GSY Facility, inmates have available to them a number of methods by which they may seek assistance, including filing various forms and speaking with staff members at the facility. There is no evidence that Plaintiff used any of these available methods with regard to his claim against Defendant Robinson.

Based on the facts before the Court, Defendants' motion for summary judgment of Plaintiff's claim against Defendant Robinson should be granted.

### III.  CONCLUSION

For the above reasons, Defendants' motion to dismiss Plaintiff's claim against Defendant NJDOC is granted, and Defendants' motion for summary judgment of Plaintiff's claim against Defendant Robinson is granted. An appropriate form of order is filed herewith.

Dated:   January 30, 2006

                                                           s/ Garrett E. Brown, Jr.
                                                   GARRETT E. BROWN, JR., U.S.D.J.